UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BRICE CANTRELL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00246-SDN |
| | ) | |
| BRUNSWICK MAINE POLICE, | ) | |
| TOWN OF BRUNSWICK MAINE, | ) | |
| NATHAN DAY, | ) | |
| PAIGE MICHAUD, | ) | |
| PAUL HANSEN, and | ) | |
| SCOTT STEWART, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANTS PAUL HANSEN AND SCOTT STEWART'S MOTION TO DISMISS

Plaintiff Brice Cantrell, proceeding pro se, sued the Brunswick, Maine Police Department, three police officers including Paul Hansen, and Chief of Police Scott Stewart for violating his constitutional rights. ECF No. 1 at 2–3. Paul Hansen and Scott Stewart moved to dismiss the complaint for failure to state a claim upon which relief can be granted. ECF No. 18; *see* Fed. R. Civ. P. 12(b)(6). Cantrell did not file a response. For the reasons below, the motion is GRANTED.

### BACKGROUND[1]

Cantrell's claims stem from an incident with the Brunswick Police Department in June of 2023. He alleges violations of his civil rights under 18 U.S.C. §§ 241–242, 250,

---

[1] I have drawn these facts from "the complaint, documents attached to it, and documents expressly incorporated into it." *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 72 (1st Cir. 2014). I take those facts as true and draw all reasonable inferences from them. *Alston v. Spiegel*, 988 F.3d 564, 571 (1st Cir. 2021). *(continued next page)*

2071, 42 U.S.C. §§ 1985–1986, 12203, as well as violations of the Maine Freedom of Access Act ("FOAA"). Cantrell alleges that on June 23, 2023, Officer Nathan Day assaulted Cantrell by handcuffing Cantrell in retaliation for Cantrell "defending [his] rights verbally," ECF No. 1 at 5, in particular Cantrell's right to travel and his right to film the police. ECF No. 1 at 6. Cantrell alleges that as a result of Day's assault, Cantrell was "[h]andicapped [in] [b]oth shoulders," suffered a "torn rotator cuff," and now experiences "pain every day." ECF No. 1 at 7. He also attended physical therapy for three months. *Id.*

A copy of what appears to be the citation issued to Cantrell regarding the June 23, 2023, incident is attached to the complaint. Notably, the citation indicates that another police officer, C.W., not named as a defendant in this suit, was the individual who "detained Cantrell in handcuffs," although Cantrell identifies the individual who detained him as Day. ECF No. 1-1 at 7. According to the citation report, the officer who detained Cantrell documented the following:

> I was at a crash scene with MESP, observed Cantrell walking along [the] shoulder. I cleared the crash scene and located Cantrell on a side street. I explained to Cantrell that he will be receiving a citation for walking on a limited access highway. I detained Cantrell in handcuffs due to his elevated behavior. I explained the e-citation and he stated he would contest it and file a complaint against me.

*Id.* A redacted police record of the police encounter with Cantrell, attached to the complaint, similarly indicates an incident with a "[p]edestrian on limited access highway" occurred. ECF No. 1-1 at 6.

Cantrell alleges that "report is incomplete" because it "didn't say a word about violating [Cantrell's] [F]irst [A]mendment rights." ECF No. 1-1 at 7. Moreover, Cantrell

---

However, "when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Yacubian v. United States*, 750 F.3d 100, 108 (1st Cir. 2014) (quoting *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 229 n.1 (1st Cir. 2013)). The attachments to Cantrell's complaint are myriad. Many contain incomplete scans or screenshots of other items with words and sentences cut off, making it challenging to identify what they represent or their significance. To the best of my ability, I have reviewed these attachments carefully for information that helps clarify the complaint.

2

further alleges Day "ripped my recording device from my hands," even after Cantrell "told him it's my right to record." *Id.* Cantrell also disputes that he "stepped on [the] roadway." ECF No. 1 at 7.

According to Cantrell, one year later, on June 3, 2024, Day retaliated against him again by issuing Cantrell a $152 ticket for taking a video recording of Day. ECF No. 1 at 7. Elsewhere in the Complaint, Cantrell describes an incident on October 25th (no year provided) in which police officer Paige Michaud stopped him and issued him a ticket for $152, allegedly in retaliation for Cantrell exercising his rights. ECF No. 1-1 at 3–4. Michaud also allegedly "threat[ened] him with violent arrest 3 times." ECF No. 1 at 7.

Additionally, Cantrell alleges and includes in attachments to the complaint various claims relating to requests he made under the Maine FOAA, seemingly to suggest Defendants Brunswick Police Department and Town of Brunswick did not respond properly to those requests or as evidence that actions Defendants took following those requests were retaliatory for Cantrell's lawful requests and complaints. ECF No. 1-1 at 1.

<u>Scott Stewart</u>

Cantrell named Scott Stewart as a defendant, identifying him as the "[Chief] of Police." ECF No. 1 at 3. Cantrell does not make any specific allegations regarding Stewart, although Stewart appears three times in the attachments to the complaint.

First, Stewart signed an August 2, 2023, letter sent to Cantrell regarding a "Citizen Complaint" Cantrell made; the letter is attached to the complaint in this matter. ECF No. 1-1 at 10. The letter reads in relevant part: "The investigation into the complaint you made regarding Officer Day's interaction with you on June 23rd, 2023 has been completed. Your complaint has been classified as <u>EXONERATED</u>." *Id.* (emphasis in original).

3

Second, Stewart appears as the recipient of an undated email apparently sent by Cantrell that references the "citizen complaint." The email is attached to the complaint in this matter. The email asks: "[W]ho investigated my complaint?" and "[w]hat exemption are you using to withhold Nathan [D]ay's video evidence of assault and battery[] of myself?" ECF No. 1-1 at 7.

Third, the caption of a handwritten "Motion to Summons" attached to the complaint in this matter, apparently drafted by Cantrell, names Stewart. In the "Motion to Summons," Cantrell roughly alleges the same facts regarding Day described above, and again does not specifically mention Stewart other than naming him in the caption. ECF No. 1-1 at 11.

<u>Paul Hansen</u>

Cantrell also named Paul Hansen as a defendant in the instant complaint, identifying him as the "Commander/Investigating Officer of complaints." ECF No. 1 at 3. Similarly with regard to Stewart, Cantrell neither makes specific allegations against Hansen nor otherwise names him in the body of the complaint. Hansen's name appears twice in two attachments to the complaint.

First, Hansen's name appears on the form letterhead on Stewart's letter to Cantrell discussed above. According to the letterhead, Hansen is the "Commander, Patrol Division." ECF No. 1-1 at 10. The letter does not otherwise mention Hansen. Second, the caption of the handwritten "Motion to Summons" referenced above also names Hansen. ECF No. 1-1 at 11. Hansen's name does not appear elsewhere in the "Motion to Summons."

DISCUSSION

Defendants Scott Stewart and Paul Hansen moved to dismiss the complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The

Court applies a two-step inquiry to resolve such motions: First, "isolate and ignore statements in the complaint that simply offer legal labels and conclusions." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). Second, "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Id.*

The rigidity of that framework is slightly loosened because Brice Cantrell represents himself. Complaints filed pro se must "'be liberally construed' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). That broad solicitude toward unrepresented parties, however, "does not require [the Court] to conjure up unpled allegations," *Viera v. De Souza*, 22 F.4th 304, 311 (1st Cir. 2022) (quoting *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)), nor does it permit the Court to "rewrite a petition to include claims that were never presented," *id.* (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999)).

Hansen and Stewart argue the Court should dismiss the complaint against them because the Complaint does not "include any factual allegations against either of them." ECF No. 18 at 4. I agree.

Cantrell must "allege facts that identify the manner by which the defendant subjected [him] to a harm for which the law affords a remedy." *LaPointe v. Soc. Sec. Admin. Comm'r*, No. 2:20-cv-00013-GZS, 2020 WL 376604, at *1 (D. Me. Jan. 23, 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *R & R adopted*, 2020 WL 1469620 (Mar. 26, 2020). To survive the motion to dismiss, Cantrell's claim against Stewart and

Hansen "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Here, beyond naming Stewart and Hansen as defendants, Cantrell does not identify in his complaint any conduct by Stewart or Hansen that may have caused him legally cognizable harm.

The only alleged fact relevant to either defendant is Stewart's August 2, 2023, letter. In the letter, Stewart "exonerate[s]" Day from misconduct. ECF No. 1-1 at 10. The Court assumes that by attaching this letter, Cantrell implies that Stewart failed to adequately investigate Cantrell's citizen complaint about Day having violated Cantrell's rights before doing so. ECF No. 1-1 at 7. However, Stewart's failure to investigate a single complaint "does not establish a constitutional violation" on its own. *Parlin v. Cumberland Cnty.*, 659 F.Supp.2d 201, 213 (D. Me. 2009) (citing *Landrigan v. City of Warwick*, 628 F.2d 736, 747 (1st Cir.1980)).

Cantrell's mere recitation of the statutes he claims Stewart and Hansen violated does not cure the defects in his complaint. He first alleges violations of 18 U.S.C. §§ 241 (conspiracy against rights), 242 (deprivation of rights under color of law), 250 (additional penalties for civil rights offenses involving sexual misconduct), and 2071 (destruction of records). ECF No. 1 at 4; ECF No. 1-1 at 1–2. Not only does Cantrell fail to allege any facts regarding Stewart or Hansen that would entitle him to relief under those statutes, but those statutes are criminal statutes that "do not give rise to a civil action for damages" brought by a private citizen. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).

Cantrell also alleges claims under 42 U.S.C. § 12203 (prohibition against retaliation and coercion). ECF No. 1 at 4. Though that statute is privately enforceable, Cantrell does not allege any facts identifying how Stewart or Hansen violated it. Bare "legal labels and conclusions" like those must be "ignore[d]." *Schatz*, 669 F.3d at 55.

6

Finally, Cantrell seeks relief under 42 U.S.C. §§ 1985–86. ECF No. 1-1 at 2. "Violations of § 1986 necessarily depend on a preexisting violation of § 1985." *Gattineri v. Town of Lynnfield*, 58 F.4th 512, 516 (1st Cir. 2023). But claims under § 1985 fail without a § 1983 claim to "anchor" them, *id.*, because "[t]he rights, privileges, and immunities that § 1985(3) vindicates must be found elsewhere." *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 833 (1983). Cantrell does not identify any manner by which Stewart or Hansen deprived him of his constitutional or federal statutory rights under § 1983, precluding any claims under §§ 1985–86.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant Paul Hansen's and Defendant Scott Stewart's motion to dismiss (ECF No. 18).

**SO ORDERED.**

Dated this 18 day of October, 2024.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**