UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| BRICE CANTRELL, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>BRUNSWICK MAINE POLICE, )<br>TOWN OF BRUNSWICK MAINE, )<br>NATHAN DAY, and )<br>PAIGE MICHAUD, )<br>)<br>        Defendants. | 2:24-cv-00246-SDN |

## **OMNIBUS ORDER**

Plaintiff Brice Cantrell, proceeding pro se, sued the Town of Brunswick, Maine, its Police Department, and various town police officers ("Defendants") for violating his constitutional rights. This lawsuit parallels a similar case Mr. Cantrell filed in this District in 2023, which remains pending. *Cantrell v. Brunswick Me. Police*, No. 23-cv-00283 (D. Me.).

In this case, on October 18, 2024, I granted two of the defendants' motion to dismiss. ECF No. 21. Two other defendants, the Town of Brunswick and the Brunswick Maine Police (the "Department") now move to dismiss for failure to serve or failure to state a claim. ECF No. 22.

Mr. Cantrell has not filed proof of service on the Town or the Department. Nor has either defendant waived service. *See id.* at 2. Twice, other defendants reminded Mr. Cantrell of his failure to serve the Town and Department, yet he did not do so. I ordered Mr. Cantrell to show cause explaining why. ECF No. 40. Mr. Cantrell responded to the order. ECF No. 41. For the following reasons, I find Mr. Cantrell did not show good cause

1

and therefore dismiss the claims against the Town and the Department. I also take the opportunity to resolve a number of Mr. Cantrell's miscellaneous outstanding motions.

## BACKGROUND

As explained in my previous Order on defendants Paul Hansen and Scott Stewart's Motion to Dismiss:

> The attachments to Cantrell's complaint are myriad. Many contain incomplete scans or screenshots of other items with words and sentences cut off, making it challenging to identify what they represent or their significance. To the best of my ability, I have reviewed these attachments carefully for information that helps clarify the complaint.

ECF No. 21. at 1–2 n.1. Both then and now, I interpret Mr. Cantrell's Complaint liberally and take his allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alston v. Spiegel*, 988 F.3d 564, 571 (1st Cir. 2021). Mr. Cantrell's claims stem from various interactions with members of the Brunswick Police Department. I will not repeat the facts, taken as true, that I outlined in the previous Order. Generally, Mr. Cantrell alleges the following: On June 23, 2023, Officer Nathan Day handcuffed Mr. Cantrell in retaliation for First Amendment protected speech and injured Mr. Cantrell, who tore his rotator cuff. One year later, Officer Day retaliated against Mr. Cantrell again by ticketing Mr. Cantrell for videotaping Officer Day. In another incident, Officer Paige Michaud ticketed Mr. Cantrell and threatened to arrest him, also in retaliation for Mr. Cantrell exercising his rights. Mr. Cantrell also alleges various claims relating to requests he made under the Maine Freedom of Access Act ("FOAA"), seemingly suggesting the Town and Department did not respond properly to those requests or that other defendants retaliated against Mr. Cantrell for his lawful FOAA requests.

## DISCUSSION

### I. Motion to Dismiss

A plaintiff must serve a defendant within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). When Mr. Cantrell filed his Complaint, the Court promptly sent him a notice directing him to information regarding service of process. ECF No. 8. One month later, four defendants alerted Mr. Cantrell to his failure to serve the Town and Department. ECF No. 14 at 1 n.1 ("The Town of Brunswick and the Brunswick Maine Police have not been served in this action."). Then, seven months ago, two defendants reminded Mr. Cantrell again that he had failed to serve the Town and Department. *See* ECF No. 18 at 1 n.1 ("[T]hose entities were never served with the Complaint."). Still, Mr. Cantrell did not serve those parties. I ordered him to show good cause explaining why. ECF No. 40.

Mr. Cantrell proffers two reasons he did not serve the Town or Department. First, he points to a set of emails and letters from Town employees purportedly limiting Mr. Cantrell's access to the Town office and his communication with Town employees. He characterizes one email from Kristin Collins in January 2024 as "instruct[ing] [him] to only enter the town office for paying of taxes" and telling him to make all correspondence by email. ECF No. 41 at 1. In fact, that email (which Mr. Cantrell attached) does not say what Mr. Cantrell claims. In the email, Ms. Collins simply declined to set up a meeting with the interim Town Manager and requested that Mr. Cantrell direct any lawsuit-related communications to counsel for Defendants. ECF No. 41-2 at 1. Ms. Collins also requested Mr. Cantrell direct any other correspondence to her, except "routine Town business," so that she could "ensure legal counsel is appropriately involved." *Id*. Nowhere in the email did Ms. Collins purport to restrict Mr. Cantrell from entering the Town office. As further

3

support for his belief that he was barred from the Town office, Mr. Cantrell also references letters from January and February 2023 asking Mr. Cantrell to make his FOAA requests by email to the Town Clerk, not by any other method. ECF No. 41-1 at 1. Mr. Cantrell interpreted those letters and Ms. Collins' email as meaning that "nothing [he] presented in person would be [accepted]." ECF No. 41 at 1.

Second, when Mr. Cantrell went to the police station to serve the individual police officer defendants, he "was denied access to any officers" and "was not given any way for one of the people to serve any paperwork." *Id.*

While the Court is sympathetic to Mr. Cantrell's difficult position representing himself, he has not carried his burden to show good cause for failing to serve the Town. *See United States v. Ayer*, 857 F.2d 881, 884 (1st Cir. 1988). "Though 'a court may grant some leniency to a pro se plaintiff,' the law still requires the self-represented plaintiff to 'diligently pursue[] his claim.'" *Ryan v. Krause*, No. 11-cv-00037, 2012 WL 2921815, at *8 (D.R.I. July 17, 2012) (Woodcock, J., sitting by designation). In this case, Mr. Cantrell has not done so.

First, over ten months have passed since Mr. Cantrell filed this lawsuit in July 2024. He has been on notice of his obligation to serve all defendants—and his failure to do so—for nearly that entire time. The Court provided him with instructions, and Defendants reminded him twice. Yet Mr. Cantrell still did not serve the Town.

Second, Mr. Cantrell does not claim that he ever tried to serve the Town. Rather, he seems to have preemptively decided that service would be impossible, based on emails and letters from Town employees. But nothing in the record suggests the Town or its employees prevented him (or would have prevented him) from serving the Town. Indeed, *after* receiving the two 2023 letters, which Mr. Cantrell believed limited his ability to serve

4

those defendants in person, Mr. Cantrell successfully delivered waivers of service in the parallel lawsuit to both the Town and Department. *See* Waiver of Service, *Cantrell*, No. 23-cv-00283, ECF No 21. Moreover, even if Mr. Cantrell's belief that he was not permitted to enter the Town office were true, service can be made by "[a]ny person who is at least 18 years old."[1] Fed. R. Civ. P. 4(c)(2).

Third, Mr. Cantrell has not alleged any of the classic problems constituting good cause. He does not claim the Town evaded service. *See Ruiz Varela v. Sanchez Velez*, 814 F.2d 821, 823 (1st Cir. 1987). He is not incarcerated. *See Bobola v. F/V Expectation*, 204 F. Supp. 3d 382, 388 (D. Mass. 2016). He is not proceeding in forma pauperis. *See Abernathy v. Dewey*, 196 F. Supp. 3d 157, 170 (D. Mass. 2016). The Town is not a defendant "shrouded in mystery," and Mr. Cantrell has not meaningfully "endeavored" to effect service. *Ayer*, 857 F.2d at 886.

Finally, though Mr. Cantrell is proceeding pro se, that alone "is not automatically enough to constitute good cause" under Rule 4(m). *Vincent v. Burton*, No. 14-cv-00095, 2015 WL 3869674 (D. Me. June 23, 2015). As noted above, Mr. Cantrell obtained and filed with the Court waivers of service signed by seventeen defendants in the parallel proceeding. *See* Waiver of Service, *Cantrell*, No. 23-cv-00283, ECF No 21. This suggests Mr. Cantrell is at least aware of the basic service provisions of the Federal Rules of Civil Procedure. Accordingly, I find Mr. Cantrell has not shown good cause for his failure to

---

[1] Indeed, the Federal Rules of Civil Procedure bar parties from directly serving the summons and complaint themselves. Fed. R. Civ. P. 4(c)(2). However, the Maine Rules of Civil Procedure do not impose such a limitation. *See* Me. R. Civ. P. 4. The Federal Rules permit parties to serve local governments according to state law, Fed. R. Civ. P. 4(j)(2)(B), but it is not clear whether that overrides Rule 4(c)(2)'s prohibition on service by a party. *Compare Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 354 (D.D.C. 2020) (concluding service must be made by a non-party "even if the relevant state law" would allow a party to effect service), *with Muench v. Chevy Chase Bank, F.S.B.*, No. CIV. A. 307-CV-104, 2007 WL 2815638, at *1 (N.D.W. Va. Sept. 25, 2007) (noting that "a party can serve process if authorized by the rules of the state in which the district court is located"). I need not resolve that question here; at a minimum, Mr. Cantrell was not *required* to effect service himself.

serve the Town and an extension of time is unwarranted. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). I dismiss his claims without prejudice.

I dismiss Mr. Cantrell's claims against the Department for the same reasons, plus one more. As the Court explained in the parallel lawsuit, "entities that are an integral part of a town, such as police departments, lack legal identity apart from the town and therefore are not properly named as defendants." *Cantrell v. Brunswick Me. Police*, No. 23-CV-00283, 2024 WL 1859800, at *4 (D. Me. Apr. 29, 2024).

## II.   Other Matters

### A.  Plaintiff's Objection to the Magistrate Judge's *Cok* Warning

After the Department and the Town filed their motion to dismiss, Mr. Cantrell filed a "flurry of repetitive and largely incomprehensible motions." ECF No. 35. Accordingly, the Magistrate Judge ordered Mr. Cantrell to cease filing further motions "until the currently pending motions have been resolved," and warned that failure to comply with the order may result in a restriction limiting Mr. Cantrell's ability to file without prior permission. *Id.* (citing *Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34–36 (1st Cir. 1993)). Mr. Cantrell filed an objection to the Magistrate Judge's Order. ECF No. 38. A party objecting to a Magistrate Judge's order on a non-dispositive matter must file the objection within fourteen days after being served a copy of the order. *See* Fed. R. Civ. P. 72(a). Although Mr. Cantrell's objection here was untimely, even if it had been timely, I would affirm the Magistrate Judge's ruling because it is not clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Therefore, I overrule Mr. Cantrell's objection and affirm the Magistrate Judge's Order.

## B. Motions for Miscellaneous Relief

I have carefully reviewed Mr. Cantrell's other outstanding motions. Six of Mr. Cantrell's pending motions, ECF Nos. 23, 24, 26, 27, 31, & 39, seek procedurally improper relief and raise substantive arguments going to the merits of Mr. Cantrell's claims, which are not appropriate at this juncture.

One motion seeks a writ of habeas corpus, ECF No. 31, but Mr. Cantrell does not allege he is in custody. *See Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984) (explaining habeas relief is only available to persons in custody). Another two motions seek a "meeting" with Defendants, ECF Nos. 24 & 27, but the Court sees no reason to order the parties to confer at this time. Other motions demand Defendants "cease and desist" from unlawful activity. ECF Nos. 23, 26. To the extent such motions could be interpreted as seeking preliminary injunctive relief, Mr. Cantrell does not demonstrate he "is likely to suffer irreparable harm before a decision on the merits can be rendered." *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (citation omitted); *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (holding "speculative" claims of future injury, absent "real or immediate threat that the plaintiff will be wronged again," do not warrant preliminary injunction). Mr. Cantrell's most recent motion raises no new requests for relief and only reiterates his substantive arguments. ECF No. 39.

As such, I deny those motions. Insofar as those motions suggest Defendants have failed to retain evidence, I remind the parties of their obligation to preserve relevant evidence. *See Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001); *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) ("[I]t is beyond question that a party to civil litigation has a duty to preserve relevant information . . . .").

## C. Motions to Amend

Mr. Cantrell moved twice to amend his Complaint, ECF Nos. 25 & 32, which Defendants opposed, ECF Nos. 30 & 37. Typically, I would require a plaintiff seeking leave to amend to "attach the proposed amended complaint so that the Court is able to evaluate the nature of the proposed amendment and its sufficiency." *Levitt v. Sonardyne, Inc.*, No. 12-cv-00032, 2012 WL 5350037, at *2 (D. Me. Oct. 29, 2012). Here, I treat Mr. Cantrell's filings themselves to be the proposed amended complaints (as Defendants did in their opposition).

District courts "should freely give leave [to amend] when justice so requires." Fed. R Civ. P. 15(a)(2). "This does not mean, however, that a trial court must mindlessly grant every request for leave to amend." *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006). A court may deny leave to amend where the circumstances indicate "undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).

An amendment is futile if the proposed complaint "fail[s] to meet the pleading standards of [Federal Rule of Civil Procedure] 12(b)(6)." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). Under Rule 12(b)(6), I apply a two-step inquiry: First, "isolate and ignore statements in the [proposed] complaint that simply offer legal labels and conclusions." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). Second, "take the [proposed] complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Id.*

<u>First Motion to Amend, ECF No. 25</u>

With its duty to liberally construe pro se filings in mind, I grant Mr. Cantrell's first motion to amend. ECF No. 25; *see Erickson*, 551 U.S. at 94. First, this filing is somewhat clearer than Mr. Cantrell's original Complaint. It reiterates the allegations against Officer Day and Officer Michaud from the original Complaint, but without the "incomplete scans or screenshots of other items with words and sentences cut off." *See* ECF No. 21 at 1–2 n.1. That alone is reason to allow amendment. *See Dempsey v. Nat'l Enquirer, Inc.*, 687 F. Supp. 692, 693 (D. Me. 1988) (granting motion to amend where plaintiff claimed amended complaint made "his allegations against the defendants clearer" and attempted to cure "any technical deficiencies").

Second, the first motion to amend lodges new allegations of distinct interactions between Officer Day, Officer Michaud, and Mr. Cantrell, which Mr. Cantrell claims constitute retaliation. Defendants do not address these new allegations specifically, explain why they fail to state a claim, or suggest the addition of new allegations at this stage will prejudice Defendants by reason of delay. *See* ECF No. 30. Officer Day and Officer Michaud argue only that they will suffer undue prejudice because the proposed amended complaint "is so indiscernible that Defendants cannot continue to track what it is that Plaintiff is alleging against them." *Id.* at 4. However, as described above, the proposed amended complaint is actually clearer than the original Complaint.

"[U]nder the shadow of the 'freely given' standard" of Rule 15(a), I see no reason to prevent Mr. Cantrell from supplementing his initial Complaint with such factual allegations. *Light v. Town of Livermore*, No. 21-CV-00266, 2022 WL 3154762, at *3 (D. Me. Aug. 8, 2022). I agree with Defendants that the first motion to amend alleges no facts

9

that cure the Complaint's deficiencies as to previously dismissed defendants Scott Stewart and Paul Hansen. *See* ECF No. 30 at 5.

<u>Second Motion to Amend, ECF No. 32</u>

Mr. Cantrell argues his second motion to amend corrects the spelling of Defendants' names in his original Complaint, but there is no indication any Defendants' names were misspelled in the original Complaint. Instead, it appears Mr. Cantrell is attempting to rename the Town and Department defendants as the following: "TOWN OF BRUNSWICK MAINE INC 1739 BRUNSWICK MAINE POLICE et al." ECF No. 32 at 1. Mr. Cantrell then claims that "both are [corporations]" and "[a] corporation can [neither] practice law nor hire lawyers." *Id*. This argument lacks any legal or factual basis. Therefore, I deny Mr. Cantrell's second motion to amend.

## CONCLUSION

The motion to dismiss, ECF No. 22, is **GRANTED** and all claims against the Brunswick Maine Police and the Town of Brunswick are **DISMISSED** without prejudice.

The Magistrate Judge's Order, ECF No. 35, is **AFFIRMED**, and Mr. Cantrell's objection, ECF No. 38, is **OVERRULED**.

Mr. Cantrell's motions for miscellaneous relief, ECF Nos. 23, 24, 26, 27, 31, and 39, are **DENIED**. Mr. Cantrell's second motion to amend, ECF No. 32, is **DENIED**.

Mr. Cantrell's first motion to amend, ECF No. 25, is **GRANTED**.

**SO ORDERED.**

Dated this 22nd day of April, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

10