UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

BRICE CANTRELL,

          Plaintiff,

    vs.

NATHAN DAY,

          Defendant.

Case No. 2:24-cv-00246-SDN

## DEFENDANT NATHAN DAY'S PRETRIAL MEMORANDUM

Pursuant to Local Rule 16.5(b), Defendant Nathan Day, by and through counsel, hereby submits the following pretrial memorandum.

### 1.  BRIEF FACTUAL STATEMENT

On June 23, 2023, Day, in his capacity as a Brunswick police officer, and another Brunswick Police Officer, Christopher Wolongevicz, responded to a motor vehicle crash on Interstate 295 ("I-295") south bound in Brunswick on an off-ramp. The Maine State Police ("MSP") arrived shortly after Day and Wolongevicz and, because I-295 is MSP's jurisdiction, took over the accident scene and the investigation. An MSP trooper on the scene saw an individual walk out of the woods toward I-295. Day also saw the individual, whom he recognized as Plaintiff Brice Cantrell. Day, Wolongevicz, and the MSP troopers observed Plaintiff walking along the highway, which is prohibited by Maine law. *See* 29-A M.R.S. § 2052(5)(A). The MSP troopers asked the Brunswick Police Department to respond to the individual. Day radioed dispatch and asked that an officer be sent out to respond to the Plaintiff.

Day knew that the Plaintiff monitored Brunswick Police Department radio traffic. Therefore, Day got on his police radio and told the Plaintiff to get off the highway. The Plaintiff continued to walk toward the area of the crash on I-295. At that point, the MSP advised Day that he could leave the scene, and Day decided it would be more efficient to respond to the Plaintiff himself. Therefore, Day radioed dispatch to cancel the call for another officer.

Day located the Plaintiff and issued a citation to him for violating the statute against pedestrians walking on limited access highways. During the course of that process, the Plaintiff became agitated. Due to Day's knowledge of the Plaintiff and the danger he believed the Plaintiff presented, Day restrained him with handcuffs until he calmed down. Once Officer Wolongevicz arrived on scene and the Plaintiff had calmed down, Officer Wolongevicz released him from the handcuffs. Day gave the Plaintiff the citation and explained it to him. Day did not restrain the Plaintiff or issue him a citation in retaliation for making videos of police activities or any other conduct that might be protected by the First Amendment, nor did he treat the Plaintiff differently from otherwise similarly situated individuals not engaged in protected conduct.

## 2. CONTROVERTED POINTS OF LAW

By an order dated June 5, 2026, the Court granted Day summary judgment on all claims in the proposed amended complaint, which the Court has treated as the operative pleading, other than a First Amendment retaliation claim. ECF No. 71, at 19 & n.4.

### A. First Amendment Retaliation

To assert a retaliatory arrest claim, the Plaintiff must establish the protected activity was a "substantial" or "motivating" factor for the subsequent retaliatory action. *Powell v. Alexander*, 391 F.3d 1, 17 (1st Cir. 2004) (quotation modified). According to the Supreme Court, "because probable cause speaks to the objective reasonableness of an arrest, its absence will—as in retaliatory prosecution cases—generally provide weighty evidence that the officer's animus caused the arrest, whereas the presence of probable cause will suggest the opposite." *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019) (internal citation omitted). This Court has already ruled as a matter of law that Day had probable cause to detain and cite the Plaintiff for walking on a limited access highway. ECF No. 71, at 14-15.

A narrow exception to the general rule expressed above exists when the plaintiff "presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves*, 587 U.S. at 407. The Plaintiff has not – and cannot – meet his burden in that regard. In any event, Day will

demonstrate at trial that this narrow exception does not apply to the Plaintiff's circumstances.

### B. Qualified Immunity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  The protection afforded by the immunity extends to "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Day believes the evidence will show that a reasonable officer in his position could have believed that his or her actions would not violate the Plaintiff's clearly-established constitutional rights. Therefore, Day is protected from civil rights liability by qualified immunity.

### C. Damages

The Court should preclude the Plaintiff from submitting evidence of compensatory damages (either special or general damages) as a sanction for his failure to comply with the Court's rules. *See* Fed. R. Civ. P. 37(c)(1) (authorizing sanctions for failure to comply with court rules). Federal courts have excluded evidence of alleged damages when a party has failed to provide a computation of damages as required by 26(a)(1)(A)(iii) and that failure is neither justified nor harmless. *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 331 F. Supp. 3d 221, 237-39 (S.D.N.Y. 2018) (court excluded plaintiff's damages evidence on motion for summary judgment because plaintiff failed to provide "any background or methodology for how they came up with [damage] estimates, nor did they cite to any documents as a basis for their computation"). More generally, courts have held that "'[t]he exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.'" *Karum Holdings LLC v. Lowe's Companies, Inc.*, 895 F.3d 944, 951 (7th Cir. 2018) (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)).

The Plaintiff did not provide Day with an initial disclosure generally or a computation of damages as required by 26(a)(1)(A)(iii) in particular. Moreover, the Defendants served the

3

Plaintiff with a request for production seeking evidence in support of his claimed damages. The Plaintiff did not provide any materials in response to that request pertaining to or in support of his claimed damages. The Plaintiff's failure to comply with the requirements of Rules 26(a)(1)(A)(iii) and 34 is neither justified nor harmless. Therefore, the Court should preclude the Plaintiff from offering evidence of compensatory damages.

### 3. PROPOSED STIPULATIONS

Day has no factual stipulations to propose at this time.

### 4. WITNESSES

A. Nathan Day;

B. Christopher Wolongevicz, c/o Brunswick Police Department, 85 Pleasant St., Brunswick, ME 04011 (207-725-5521);

C. Scott Stewart, c/o Brunswick Police Department, 85 Pleasant St., Brunswick, ME 04011 (207-725-5521);

D. As-yet unidentified Maine State Police Troopers;

E. Any person identified during discovery; and

F. Any person listed by any other party.

Day reserves the right to supplement this list in accordance with the schedule issued by the Court after the pretrial conference. Day also reserves the right to call witnesses listed by any other party. Witnesses who may be called for impeachment or rebuttal are not necessarily listed.

### 5. CASE SPECIFIC JUROR QUESTIONNAIRES

Day proposes the use of a written questionnaire to explore potential jurors' experiences with law enforcement or retaliation claims. Day also proposes the use of a written questionnaire to explore potential jurors' knowledge of or reporting about the Plaintiff or Day.

### 6. EXHIBITS

A. Officer reports for the June 23, 2023 incident with the Plaintiff;

B. Brunswick Police Department records or other documents pertaining to the June 23, 2023 incident with the Plaintiff;

4

C.    Brunswick Police Department Videos for the June 23, 2023 incident with the Plaintiff;

D.    Plaintiff's Videos of the June 23, 2023 incident;

E.    Photos or screenshots pertaining to the June 23, 2023 incident with the Plaintiff;

F.    Citation issued to the Plaintiff during the June 23, 2023 incident;

G.    Dispatch materials pertaining to the June 23, 2023 incident with the Plaintiff;

H.    Materials pertaining to Day's knowledge of the Plaintiff and potential risks presented by the Plaintiff;

I.    Pertinent Brunswick Police Department procedures;

J.    The Plaintiff's driving record;

K.    The Plaintiff's criminal history record;

L.    Communications to or from the Plaintiff;

M.    The Plaintiff's YouTube posts pertaining to Day or the June 23, 2023 incident;

N.    Any document or thing produced in discovery; and

O.    Any document listed by any other party.

Day reserves the right to supplement this list in accordance with the schedule issued by the Court after the pretrial conference. Day also reserves the right to rely on exhibits listed by any other party. Exhibits that may be used for impeachment or rebuttal are not necessarily listed.

Dated at Portland, Maine this 29th day of July, 2026.

Attorneys for Defendant Nathan Day
MONAGHAN LEAHY, LLP

BY:    */s/ John J. Wall, III*
John J. Wall, III
2 Monument Sq., Ste. 401
P.O. Box 7046
Portland, Maine 04112-7046
(207) 774-3906
jwall@monaghanleahy.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically filed **Defendant Nathan Day's Pretrial Memorandum** using the CM/ECF system, which will provide notice to me and all other parties and counsel of record. In addition, I hereby certify that on the date indicated below, I served a copy of the above-referenced document on the Plaintiff by first-class mail, postage prepaid, at the following address:

> Brice Cantrell
> 206 Harpswell Road
> Brunswick, ME 04011

Dated at Portland, Maine this 29th day of July, 2026.

> Attorneys for Defendant Nathan Day
> MONAGHAN LEAHY, LLP

BY:     */s/ John J. Wall, III*
> John J. Wall, III
> 2 Monument Sq., Ste. 401
> P.O. Box 7046
> Portland, Maine 04112-7046
> (207) 774-3906
> jwall@monaghanleahy.com